**398**    *JAMES F. PENDERGAST *v.* EDWARD C.
· REED.

*Decided October 21st, 1868.*

SALES ; FRAUDULENT REPRESENTATIONS ; ACTION TO RECOVER PUR-
CHASE MONEY ; MEASURE OF DAMAGES.

A., being part owner of a vessel and authorized to appoint her mas-
ter, agreed with B., who applied for the appointment, to appoint him,
in consideration that he would take an eighth interest in the vessel at
her *cost* price. A. fraudulently represented the cost price of the vessel
to have been $34,000, and received from B., the one-eighth part of that
sum. B. subsequently learned that the cost price of the vessel was very
much less than that which A. represented it to have been. *Held:*
That B. was entitled to recover from A., for the over-payment, even
if the actual value of the share purchased, equalled or exceeded what it
would have been, had the representation been true. ·(*a*)        p. 404

And that the measure of damages was either the difference between
one-eighth of the actual and one-eighth of the represented cost of the
vessel, or one-eighth of the difference between the actual and repre-
sented cost of the entire vessel.                                p. 404

· Appeal from the Superior Court of Baltimore City.

This was an action brought by the appellee against the ap-
pellant, to recover a sum of money, obtained from the former
by the latter, in the sale of a vessel by fraudulent and deceit-
ful representations. Two exceptions were taken by the defen-
dant—the first is fully stated in the opinion of the court, and
was abandoned on the appeal. The second exception is as fol-
lows. The plaintiff offered the following prayer:

That if the jury find for the plaintiff on the fifth count· in
the declaration, the measure of damages is the difference be-
tween the actual cost price of the Cumberland to the defendant, ·
which the jury must find, and the amount that the jury may

---

(*a*)   See *Cook v. Gill*, 83 Md. 177. As to relief in equity from fraudu-
lent contracts, see *Du Puy v. Terminal Co.*, 82 Md. 408; *Refining Co. v.
Campbell-Zell Co.*, 83 Md. 36. As to false representation, deceit and
rescission of contracts, see also *Robertson v. Parks*, 76 Md. 118; *Melville
v. Gary, Ib.* 221; *Weaver v. Shriver*, 79 Md. 530; *Byrd v. Rantman*, 85
Md. 417; *Berger v. Bullock, Ib.* 441.

find the defendant falsely represented to the plaintiff the actual cost price of said steamer to have been.

And the defendant asked the following instructions:

1st. That the plaintiff is not entitled to recover in this case unless the jury believe that the defendant, by false and fraudulent representations, induced him to pay more for the interest bought by him in the steamer Cumberland than said interest *was actually worth, and if the jury so believe, then the **399** plaintiff is only entitled to recover the excess so paid by him, over and above the actual value of said interest at the time of said purchase.

2nd. That even if the jury believe that the defendant, by false and fraudulent representations, induced the plaintiff to pay more for the interest bought by the plaintiff in the steamer Cumberland than the defendant had paid therefor, the plaintiff is not entitled to recover more than the difference between the actual value of said interest and the amount paid by the plaintiff therefor.

The court granted the prayer of the plaintiff and rejected those of the defendant; to this ruling the defendant excepted, and the verdict and judgment being against him, he appealed.

The cause was argued before Bartol, C. J., Nelson, Stewart, Miller and Alvey, JJ.

*John H. Thomas,* for the appellant:

If the appellee were required to pay, and supposed he was paying, an eighth, not of the *value* of the steamer, but an eighth of the cost price, he might, on finding that he had been deceived, have treated the contract as a nullity, and have sought to recover back the purchase money. But he retained the interest he had acquired, and sought to recover damages for the deceit. Those damages were only the difference between the value of what he had bought and the price he had paid for it. If actually worth as much as he had paid, it was *damnum absque injuria,* which entitled him only to nominal damages.

If the appellant had received the purchase money and refused to convey the stipulated eighth of the steamer, the measure of damage, in the absence of any special damage alleged

and proven, would have been the value of that eighth interest at the time when it ought to have been conveyed. The appellee **400** had the benefit of that eighth interest. It of *course ought to have been deducted from what he would have been entitled to recover if he had not had it. This was the precise measure of damage which the appellant by his prayers asked to have prescribed, and which the court refused.

Even if the appellee was entitled to recover the difference between the actual cost price to the appellant of the *interest* which the appellee bought, and the amount the appellant represented said actual cost price to have been, he was certainly not entitled to recover *eight times* that amount. He bought but one-eighth of her. The measure of damages prescribed by the court's instruction was not the difference between the actual and pretended cost price of that eighth—but between the actual and pretended cost price of the *entire* steamer. That the jury did not actually allow as much, cannot be considered by this court. The instruction was erroneous, and it is impossible to tell, and it is improper to speculate, whether the jury were or were not in point of fact misled by the error. If the measure of damages prescribed by the court were wrong, the judgment ought to be reversed.

Damages are recoverable for misrepresentations as to the condition, quality, productiveness, or yield of property, or other facts which affect its value. The fact of the appellant having paid one price or another for his interest did not in the slightest degree affect its value. It was only the estimate he had at one time formed—one criterion of its value. *Harvey v. Young*, Yelv. 21; *Van Epps v. Harrison*, 5 Hill, 69, 70; *Vernon v. King*, 12 East, 636.

The rule which sometimes entitles a plaintiff to recover the difference between what property would have been worth, if false representations made in reference to it had been true, and what it was actually worth, is not applicable to this case. The representations were not such as affected its value, whether true or false. The rule is applicable to cases in which the quality, condition, yield or worth of property are fraudulently misrepresented. In a case like the present, the party deceived *may* be entitled to recover nominal damages, but beyond them,

only what he has actually sustained. *Tuckwell* *v.* **401** *Lambert* 5 Cush. 23; *Singleton v. Kennedy,* 9 B. Monroe, 226; Sedgwick on Damages, 259 top.

If exemplary or punitive damages were recoverable, the amount of them was within the discretion of the jury, and it was error in the court to prescribe a measure of them. *Day v. Woodworth,* 13 How. 369.

*H. Clay Dallam* and *Charles Marshall,* for the appellee:

The prayer of the plaintiff assumes that the jury would consider the law, as therein laid down, in connection with the fifth count. That count contains the allegation that the plaintiff had been induced to give one-eighth of a sum greater than the *actual cost price* of the steamer, for one-eighth interest in her. Although the prayer states that the measure of damages is the difference between the *cost price* and the *sum falsely represented* as the cost price, yet, taken in connection with the count to which it refers, there is no error or ambiguity, as the count is for deceit *as to an eighth interest,* and not as to the whole. The prayer was so understood and applied by the jury, as is evident from the amount of their verdict. And it is literally true, that one-eighth of the difference between two sums is precisely the same as the difference between one-eighth of each.

In a suit for an over-payment for an eighth interest in a vessel, it is just as proper to direct the jury to find the whole amount of the excess charged, and take an eighth of it, as to find an eighth of the true price and an eighth of the false price, and deduct one from the other. If the principle of the prayer be right, the defendant sustained no injury by the form of it, as is clear from the verdict, which is exactly one-eighth of the difference between the actual cost price and the alleged cost price, with interest added from the day of payment to the day of the verdict. This being so, even if the form of the prayer be objectionable, the defendant was not injured, and it constitutes no ground of reversal. *Higgins v. Carlton,* *28 **402** Md. 115; *Hanson v. Campbell,* 20 Md. 223; Stockett, Merrick & Miller's Dig. p. 23, sec. 131; 8 Md. 1; 8 Md. 208; 23 Md. 244; 24 Md. 184; 24 Md. 237.

The action is not brought for misrepresentation as to the *value* of the steamer, but as to her *cost price.* The agreement

between the parties had no reference to the actual value of the boat. Whether that were great or small, the plaintiff agreed to pay not *one-eighth of her value,* but one-eighth of *her cost price.* It was as to *the cost price* that the misrepresentation was made. The prayer amounts to this, that if the jury find the facts set forth in the fifth count, or in other words, if they find the plaintiff agreed to take one-eighth interest in the vessel at the cost price, to qualify him to become her master, and the defendant agreed to let him have one-eighth interest at the cost price, and falsely stated that the cost price was one sum, knowing at the time that it was another and a less sum, and the plaintiff, confiding in the representation, paid one-eighth of the false sum, he is entitled to have the difference between that and one-eighth of the actual cost price.

The error in the defendant's prayers consists in assuming that the deception complained of was as to the actual value of the vessel. On the contrary, the deception was as to the *cost price,* and not as to the value of the vessel; the measure of damages, must, therefore, be the difference between what was actually paid and the *cost price* as represented. Sedgwick on Damages, 202, 259; *Leland v. Stone,* 10 Mass. 459; *Taft v. Mildman,* 15 Ohio, 123; 3 Ind. 107; *Hill v. Smith,* 12 M. & W. 617; *Alder v. Keighley,* 15 M. & W. 117; Powell on Ev. 213, 98-1 Law Lib.; *Springdale Cemetery Asso. v. Smith,* 24 Ill. 408; *Evans v. R. R. Co.* 26 Ill. 189.

Miller, J., delivered the opinion of the court.

By the first exception it appears that after the testimony was closed, and before the case was given to the jury, the **403** \*proceedings were allowed to be amended by striking out the name of one of the two defendants, against whom the suit was brought, and leaving it to stand against the other. No objection to this action of the court has been made by the appellant's counsel in argument, and it is fully authorized by the provisions of the Code, Art. 75, sec. 23, 27, 28.

At the trial the plaintiff stated that he relied solely upon, and confined his right to recover against the appellant, to the fifth count of his declaration, and the case has been argued here as if the declaration was against the appellant alone, and

contained only that count. So considered, the declaration avers, in substance, that the defendant was part owner of a vessel called the " Cumberland," and authorized to appoint her master; that the plaintiff applied for this appointment, and the defendant agreed to appoint him in consideration that he would take an eighth interest in the vessel, at the cost price thereof, in order to insure the greater care and diligence on his part in the discharge of his duties as master; that the defendant falsely and fraudulently, and with intent to injure and deceive the plaintiff, represented the cost price of the vessel to have been $34,000, and required the plaintiff to pay him one-eighth of that sum for one-eighth interest in the vessel, in consideration for receiving said appointment as master; that not knowing the defendant had falsely and fraudulently represented the cost price of the vessel to be greater than it really was, the plaintiff agreed to the terms proposed by the defendant, and in pursuance of this agreement, paid him $4,250, one-eighth of said alleged cost price, and was thereupon appointed master; that the cost price of the vessel was not $34,000, but only $25,500, which the defendant well knew at the time he made said false and fraudulent representation to the plaintiff, and at the time he received from him the $4,250, and by means of said false and fraudulent representation the plaintiff was injured, and hath sustained damage, &c.

A good ground of action is here set out. It is not simply the case of a false affirmation by a vendor, concerning the *value of the thing sold, where information on the sub- **404** ject was easily within the reach of the vendee, and where the law would regard it the folly of the latter to credit the assertion, but of a false representation of a material fact known to the defendant, and by means of which the plaintiff was induced to part with his money. The very essence of the contract here stated, was a purchase for certain considerations of one-eighth of the vessel at its cost price to the defendant, and a false representation of this price, inducing the plaintiff to buy worked an injury to him for which he is entitled to recover, even if the actual value of the share purchased, equalled or exceeded what it would have been, had the representation been true. He had the right to all the profits of his purchase and contract as he made it, and it is no answer to his action to say, that though

the representation was false, yet the actual *value* of the thing sold is equal to what such false representation induced him to pay for it.

At the time this contract was made, the defendant owned *five-eighths* of the vessel, and the plaintiff paid him for *one* of these eighths, the sum of $4,250, or at the rate of $34,000 for the whole vessel.  As to these facts there is no dispute, and we are of opinion there was evidence in the case proper to be submitted to the jury, and from which they were at liberty to find, that the contract between the parties was as stated in the declaration, and that the defendant made the false representation as therein stated, and that the plaintiff, relying upon this representation, paid him the $4,250.   The only remaining question then is, were the jury properly instructed as to the measure of damages, assuming they would find the facts as stated in the declaration in favor of the plaintiff ?  Upon the assumption they would so find, there is no difficulty in fixing the standard of damages.  It is the difference between the sum paid by the plaintiff for the share, and the actual cost price thereof to the defendant.   There is evidence that this cost price was at the rate of $25,500, whilst the defendant represented it to have been at the rate of $34,000 for the **405** *whole vessel.  The measure of damages may therefore be stated to be either the difference between one-eighth of the actual, and one-eighth of the represented cost rate, or one-eighth of the difference between the actual and represented cost rate of the entire vessel.   The plaintiff's prayer, which was granted, adopts the latter mode of stating the proposition, and we do not think it open to the objection that it was calculated to mislead the jury into finding the *whole,* instead of *one-eighth* of the difference between the actual and represented cost price of the vessel.   The prayer requires the jury to find for the plaintiff on the fifth count of the declaration, before they can consider the question of damages.   This count alleges the purchase of an eighth interest only, and claims damages for misrepresentation on that account alone.   By this reference to the declaration the jury were told in sufficiently plain terms, that the measure of damages was one-eighth and *not* the whole of the difference between the actual and represented cost price of the vessel.

There was no error in rejecting the defendant's prayers, which define the measure of damages to be the difference between the amount paid and the actual *value* of the share sold at the time of the purchase. We have already indicated our views upon this subject. These prayers correctly fix the measure of damages in case of an action by a vendee against a vendor, for a false representation as to the condition or quality of the article sold, or in a suit for misrepresentation as to value, supposing such an action could in any case be maintained. Such, however, is not the nature of the present case. It is not an action for misrepresentation as to value, but as to cost price. The agreement stated in the declaration, has no reference to the actual value of the vessel. Whether that were great or small makes no difference as to the plaintiff's rights, and cannot diminish or increase the measure of his damages.

*Judgment affirmed.*

---

*JOHN THOMAS *v.* JAMES H. L. HUNTER. **406**
*Decided November 13th, 1868.*

CONFISCATION OF PROPERTY OF THOSE IN CONFEDERATE SERVICE ; ACT OF CONGRESS OF 1862, CH. 195. LIMITATIONS ; NEW PROMISE ; MADE ON SUNDAY. SABBATH BREAKING. CASES TRIED WITHOUT A JURY ; APPEALS ; PRACTICE.

On the 23rd of March, 1861, A., a resident of Maryland, made his promissory note in favor of B., payable ninety days after date. B. passed the note away, and entered the Confederate army, and did not return to Maryland till the war was over. Before maturity the note came into the possession of a bank in Baltimore, and at maturity was protested for non-payment and remained in the possession and ownership of the bank until the war was ended. After the war B. again became the owner of the note for a valuable consideration, and brought suit on it against A., who plead the Statute of Limitations, to which B. replied a new promise, which at the trial was shown to have been made on Sunday. *Held:*

That the Code of Pub. Gen. Laws (1860), Art. 30, sec. 178, does not prevent the acknowledgment or new promise made on Sunday, from