J. D. E. BUSCHMAN and SYLVESTER COOK *vs.* WILLIAM H. CODD.

*When an Action for False representation will lie—Character of the Representation requisite to support an Action—Measure of Damages in an Action of Deceit—Admissibility of Evidence.*

Whenever one person makes a false representation, knowing it to be false, with intent to induce another to enter into a contract, which, but for such representation, he would not have entered into, and he is thereby damnified, a case of fraud is made out, and an action will lie.

The representation to be material, must be in respect of an ascertainable fact, as distinguishable from a mere matter of opinion. A representation which merely amounts to a statement of opinion, judgment, or expectation, or is vague and indefinite in its nature and terms, or is merely a loose conjecture or exaggerated statement, is not sufficient to support an action.

An action was brought to recover damages, alleged to have been sustained by the plaintiff by means of false and fraudulent representations, made to him by the defendants, by which he was induced to purchase a half interest in the business of manufacturing artificial marble. HELD:

That to entitle the plaintiff to recover, it was necessary for him to prove, that with a view to induce him to make the purchase, the defendants represented to him that the business was profitable, valuable and flourishing, and that they had at the time large outstanding contracts for work; that such representations were false

Buschman & Cook *vs.* Codd.

in fact, were made with the fraudulent intent to cheat and deceive him; that in making the purchase, he relied on such representations, and would not have made it except upon the faith of the same; and that in consequence thereof he was misled and injured.

Whether the plaintiff under the circumstances of the case, was obliged in any manner to make inquiry in regard to the truth of the representations, *Quære?*

In an action to recover damages, alleged to have been sustained by the plaintiff by means of false and fraudulent representations, made to him by the defendants, by which he was induced to purchase a half interest in the business of manufacturing artificial marble, he is entitled to recover such damages as may have been the natural and necessary result of such false representations, not exceeding in amount the sum paid by him for such purchase, with interest.

In an action to recover damages alleged to have been sustained by the purchase of a half interest in the business of manufacturing artificial marble, which the plaintiff was induced to make by means of the false and fraudulent representations of the defendants, he testified on cross-examination, that he had sold such half interest for a house on Broadway, which was subject to a mortgage of $1600, and that it was not worth the mortgage. This house together with a house belonging to his wife, he subsequently exchanged with one Gruman for a tract of land in Virginia. In reply to a question by the defendants, he denied having told Gruman that he had refused $2250 for the Broadway house. The defendants then offered to prove by Gruman, that the plaintiff told him that he, plaintiff, had refused an offer of $2250 for the house at public sale. HELD:

That such declaration or admission of the plaintiff was admissible in evidence.

APPEAL from the Circuit Court for Howard County.

This case was instituted by the appellee against the appellants in the Baltimore City Court. Subsequently on motion of the defendants, the case was removed to the Circuit Court for Howard County, where it was tried. The case is stated in the opinion of the Court.

*First Exception.*—Stated in the opinion of the Court.

*Second Exception.*—The plaintiff offered two prayers, which the Court rejected, and in lieu thereof, instructed the jury as follows:

"If the jury find from the evidence, that the defendants were partners in business, and as such, were the owners of a certain patent, and that in pursuance of a fraudulent combination entered into between said defendants, they falsely represented to the plaintiff that in conducting their said business, they had entered into large and valuable contracts which would be remunerative, and made such false representations with intent to deceive the plaintiff, and that the plaintiff relied upon the same, and had not at hand the means to ascertain the truth of such representations, and that the plaintiff was by means of such representations, and in reliance thereon, induced to purchase an interest in said business, and has suffered damage therefrom, then the plaintiff is entitled to recover such loss as may have been the direct result of such false representations, not exceeding in amount the sum paid by him for such purchase, with interest.

The defendants offered ten prayers, all of which the Court rejected, except the ninth and tenth as follows, which it granted:

9. That in order to entitle the plaintiff to recover in this case, it is incumbent on him to show to the satisfaction of the jury, that with a view to induce the plaintiff to make the purchase in question, the defendants represented to him that the business was profitable, valuable and flourishing, and that they had, at the time, large outstanding contracts for their work, that such representations were false in fact were made with the fraudulent intent to cheat and deceive the plaintiff; that the plaintiff had not at hand the means of verifying for himself the truth of such representations; that in making such purchase he relied on such representations, and would not have made it except upon the faith of the same, and that in consequence thereof, he was misled and injured.

10. If the jury find from the evidence that the defendant, Buschman, bought a half interest in the patent in question, for the sum of $1750, and a half interest in the business for the further sum of $2000, and that afterwards the defendant, Cook, bought a half interest in said patent and business for the sum of $3500, or thereabouts, and that the defendants then formed a co-partnership, and as partners, from time to time contributed to the said business further sums, amounting in the aggregate to $1000, or thereabouts, apiece; and if the jury further find, that subsequently the plaintiff purchased from the defendant, Cook, his one-half interest in said patent and business, for the price of $5000, or thereabouts, then the plaintiff is not entitled to recover, unless the jury shall further find from the evidence that the plaintiff was induced to make such purchase by means of the representations of the defendants, that they had large outstanding contracts on hand with sundry parties for their work; that said representations were false, in fact, and were made by the defendants fraudulently and deceitfully, and with the intent that the plaintiff should act thereon, believing the same to be true, and that the plaintiff had not at hand the means of verifying the said statements of the defendants, and was thereby induced to make said purchase, and was injured thereby.

In lieu of the first, second and third prayers of the defendants which the Court (Full Bench) rejected, it gave the following instruction:

"That the plaintiff is not entitled to recover on account of any representations they may find the defendants, or either of them, may have made to the plaintiff respecting the patent right, or of the value or profitableness of the business they were carrying on, and the jury must exclude such representations from their consideration as constituting of themselves a basis of recovery in this action."

To the giving of the instruction by the Court, in lieu of the plaintiff's prayers, and of the instruction in lieu of the

defendants' first, second and third prayers, and to the rejection of their first, second, third, fourth, fifth, sixth, seventh and eighth prayers, the defendants excepted. The verdict and judgment being for the plaintiff, the defendants appealed.

The cause was argued before BARTOL, C. J., BOWIE, ROBINSON and IRVING, J.

*John P. Poe,* for the appellants.

*William J. O'Brien,* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

This is an action to recover damages, alleged to have been sustained by the plaintiff, by means of false and fraudulent representations, made to him by the defendants, by which he was induced to purchase a half interest in the business of *manufacturing artificial marble by letters patent.*

At the trial below the plaintiff proved that the defendants were engaged in carrying on said business,—that Buschman, one of the defendants, represented that they were doing a fine business and were making money, that they had a contract with St. Vincent's Church for $3600, one-half of which was profit,—also a large contract at the Capitol at Washington, and a large contract for work on the new hotels of the Baltimore and Ohio Railroad. That relying upon such representations he purchased through Buschman the half interest of Cook, the other partner, for the sum of five thousand dollars. That soon afterwards a person by the name of McAfee, purchased through Cook, the half interest of Buschman for three thousand dollars. That the business was a complete failure, and the representations thus made, and by which the plaintiff was induced to purchase, were utterly false.

Buschman & Cook *vs.* Codd.

The plaintiff further proved there was a written agreement between the defendants, whereby in the event of a sale by one of his interest in the business, the other was to have one-half of the money paid, or of the property · taken in exchange.

The principles of law applicable to cases of this kind were carefully considered in *McAleer vs. Horsey*, 35 *Md.*, 439, and it was held, that whenever one makes a false representation, knowing it to be false, with intent to induce another to enter into a contract, which but for such representation he would not have entered into, and the plaintiff has been damnified, a case of fraud is made out, and an action will lie.

The representation to be material, must be in respect of an ascertainable fact as distinguishable from a mere matter of opinion. A representation which merely amounts to a statement of opinion, judgment or expectation, or is vague and indefinite in its nature and terms, or is merely a loose conjectural or exaggerated statement, is not sufficient to support an action. And for the reason, that such indefinite representations ought to put the person to whom they are made, upon the inquiry, and if he chooses to put faith in such statements, and abstained from inquiry, he has no reason to complain. *Jennings vs. Broughton*, 5 *De M. & G.*, 134; *Higgins vs. Samels*, 2 *John. & Hem.*, 464; *Leyland vs. Illingworth*, 2 *De F. & J.*, 248; *Haycraft vs. Crease*, 2 *East*, 92; *Drysdale vs. Mace*, 5 *De M. & G.*, 107; *Denton vs. Macneal*, *L. R.*, 2 *Eq.*, 352; *Kisch vs. The Central Railway Co. of Venezuela*, 3 *De J. & S.*, 122.

Such then being the law by which this case is to be governed, the defendants certainly have no reason to complain of the several instructions granted by the Court. In these instructions, the jury were told that to entitle the plaintiff to recover, it was incumbent on him to prove that with a view to induce the plaintiff to make the purchase in question, the defendants represented to him that

the business was profitable, valuable and flourishing, and that they had at the time large outstanding contracts for work, that such representations were false in fact, were made with the fraudulent intent to cheat and deceive the plaintiff; that the plaintiff had not at hand the means of verifying or ascertaining the truth of such representations; that in making such purchase, he relied on such representations and would not have made it except upon the faith of the same, and that in consequence thereof he was misled and injured.

These instructions covered the whole law of the case. In fact it may be questionable whether the plaintiff under the circumstances of this case was obliged in any manner to make inquiry in regard to the truth of the representations.

In *Vernon vs. Keys*, 12 *East*, 632, the rule was stated to be, that the seller was liable in an action of deceit, if he fraudulently misrepresent the quality of the thing sold, in some particular which the buyer has not *equal means of knowledge with himself*, or if he do so in such a manner as to induce the buyer to forbear making the inquiries, which for his own security and advantage he would otherwise have made.

Where the real quality of the thing is an object of sense, obvious to a person of ordinary intelligence, and the parties have equal knowledge or means of acquiring information by the exercise of ordinary inquiry and diligence, and nothing is said for the purpose of preventing such inquiries as every prudent person ought to make, under such circumstances there is no warranty of the seller's knowledge of the truth of his representations, or of the fact being as it is stated to be.

But here the representations were made by the defendants in regard to a business, the extent, nature and profits of which were peculiarly within their own knowledge; certainly not equally within the knowledge of the plain-

tiff. But be this as it may, the defendants have no right to complain of this qualification of the instructions granted by the Court, and we have only referred to the matter for the purpose of not being understood as deciding that this qualification was necessary in this case.

Objection is also made to the measure of damages as stated by the Court, namely, that the plaintiff was entitled to recover such loss as may have been the direct result of such false representations, not exceeding in amount, the sum paid by him for such purchase, with interest. All the authorities agree in holding, that in cases of this kind, the plaintiff is entitled to recover such damages as are the natural and necessary result of the false representations. This is the rule laid down in the leading case of *Pasley vs. Freeman*, 3 *T. R.*, 51, and with a phraseology somewhat varied but not materially different, it has been adhered to ever since.

Where the property sold has a marketable value, the rule in regard to the measure of damages is stated to be the difference between the price paid and the fair market value of the thing bought.

And when you say the plaintiff is entitled to recover such damages as may be the direct result of the false representations by which he was induced to purchase, it is equivalent to saying that the damages recoverable are the difference between the price paid and the fair market value of the thing bought.

The rule laid down in this case was approved by this Court in *McAleer vs. Horsey*, 35 *Md.*, 439.

Being of opinion that the defendants' ninth and tenth prayers, and the prayer granted by the Court as a substitute for the plaintiff's prayers, covered the whole law of the case, we deem it unnecessary to consider in detail the several prayers offered by the defendants and refused by the Court.

Buschman & Cook *vs.* Codd.

The first exception presents a question in regard to the admissibility of evidence. The plaintiff upon cross-examination testified that he had sold his half-interest in the business for a house on Broadway, which was subject to a mortgage of $1600, and that it was not worth the mortgage. This house, together with a house belonging to his wife, he subsequently exchanged with one Gruman for a tract of land in Virginia. In reply to a question by the defendants the plaintiff denied having told Gruman he had refused $2250 for the Broadway house.

The defendants then offered to prove by Gruman that the plaintiff told him, that he, plaintiff, had refused an offer of $2250 for the house at public sale, to which evidence the plaintiff objected, and the Court sustained the objection.

Strictly speaking, the declaration or admission of the plaintiff was admissible in evidence. But it is apparent from the record that the defendants were not in any way injured by the ruling of the Court. If the house was in point of fact worth more than the mortgage debt of $1600, to which it was subject, it would have been an easy matter for the defendants to have proved it by direct evidence. And for this purpose no one could have been a more competent witness than Gruman himself, who had taken the house, together with a house belonging to plaintiff's wife, in exchange for Virginia land. But there was no attempt to prove by him, or by any other witness, that the house was worth, or would have sold for more than the mortgage debt. It being thus open to the defendants to prove the value of the house by direct evidence, and having failed to offer any such evidence, we do not think that the judgment ought to be reversed, because the Court erred in excluding testimony so *indirect and inconclusive;* and which under the *circumstances of this case* could not have operated to the prejudice of the defendants.

*Judgment affirmed.*

(Decided 20 June, 1879.)