(Decided June 24th. 1897).

FRANK S. LEWIS *vs.* RICHARD B. CLARK ET AL.

*Cross-Examination—Lease—Failure of Water Supply on Demised Premises—Liability for Rent—False Representations.*

The cross-examination of a witness should be limited to the matters about which he testified in his examination in chief.

In an action to recover rent reserved under a lease, the defence was that the lease was executed in consequence of the false representations of the lessor concerning the water upon the premises, and that defendant was obliged to abandon the same on account of the ab-

sence of water. The water supply was derived from a cistern in which the rain falling upon the roof was stored. Before making the lease plaintiff told the defendant that he had never resided upon the premises, but that the former owner had represented the supply of water as being excellent. Defendant examined the property before accepting the lease and was fully aware of the character of the water supply. *Held*, that there was no evidence of any falsity in the representations made by the plaintiff concerning the property, and that the circumstance that after defendant's occupation began the supply of water in the cistern failed and defendant was obliged to bring water from a distance and consequently removed from the premises, constituted no defence to an action to recover the rent reserved in the lease.

Appeal from a judgment of the Superior Court of Baltimore City (RITCHIE, J.) The Court after declaring the legal insufficiency of the evidence to support the pleas, directed the jury " that if they shall find from the evidence that the defendant, at the time of the execution of the lease sued on, was aware that the property therein described was supplied with water exclusively by means of a cistern intended to receive the rain falling upon the roof of the house, and carried thence into such cistern by pipes, and that with such knowledge he entered into possession of said property under the said lease, then, by the true construction of said lease, he is bound to pay the said rent herein mentioned, whether the water in said cistern proved to be sufficient or insufficient. And if the jury shall further find that during his occupancy of said property the water in said cistern gave out, and the defendant, in order to obtain a sufficient supply of water for the uses of his household, was obliged, in consequence of such failure of said cistern, to haul water from a pump upon the property of one of his neighbors, such failure of said cistern does not relieve the defendant from his obligation to pay the rent stipulated in said lease. And the plaintiffs are entitled to recover whatever balance the jury shall find to be unpaid, with interest thereon."

The cause was argued before McSHERRY, C. J., BRYAN, PAGE, ROBERTS and BOYD, JJ.

*O. Parker Baker* (with whom was *A. C. F. Boehme* and *H. K. Stevens* on the brief), for the appellant.

*Edgar Allan Poe* (with whom was *John P. Poe* on the brief), for the appellee.

ROBERTS, J., delivered the opinion of the Court.

This suit is brought to recover a balance of rent claimed to be due from the appellant to the appellees under a lease signed and sealed by the said parties. On the 6th of June, 1894, the appellees let to the appellant their property, known as Arnvoir, in Baltimore County, for a period beginning June 6th, 1894, and ending April 30th, 1895, for four hundred dollars, payable one hundred dollars in advance, and the balance in monthly or three equal instalments, of which rent three hundred dollars is claimed to be still due and unpaid. The lease provides that whatever alterations or repairs the tenant shall be permitted to make shall be done at his own expense. The declaration contains but one count, which is a special count on the lease. The pleas are: 1st, fraud in the procuring of the lease; 2nd, eviction; 3rd, release; 4th, that the defendant was compelled to remove from the premises by reason of their unhealthy and untenantable condition at the time of the execution of the lease, known to the appellees and unknown to the appellant. At the hearing in this Court, but little attention, if any, was paid to the defences set up of an eviction and a release, and from a careful examination of the testimony contained in the record, we have failed to discover any evidence in support of either of said pleas. The only questions which the controversy presents relate, first, to the manner in which the lease was procured; and second, to the condition of the premises, at the time the lease was made, whether untenantable and unhealthy and known to the appellees, but unknown to the appellant. The appellant after having rented said premises from the appellees, in June, 1894, voluntarily removed therefrom in August of the same year, before the expiration of his term, without the consent of the appellees,

and refused to pay rent for the balance of the term. The reasons assigned for such refusal were that the water gave out, and for sometime prior thereto was unfit to drink or wash with, and that he had executed the lease relying on the representations of the appellees that the water was excellent in quality and plentiful in quantity. Before signing the lease, the appellant had gone over the property with one of the appellees, and was fully aware of the fact that it was supplied with water by means of a cistern only, and that the quantity of water in the cistern, at any time, was solely dependent upon the amount of rain falling. The appellees had never occupied the property, having obtained it in the fall of 1893 under an exchange with the former owner. The statement made by one of the appellees to the appellant as to the quality and quantity of the water, was a mere repetition of what the former owner had said to the appellee, and in making such statement the appellee had made known to the appellant the source of his information.

There is but one exception in the record relating to the admissibility of the evidence. The appellees having proved by Mr. Clark the execution of the lease, and the amount of rent paid, rested their case, whereupon the appellant proceeded to cross-examine the witness by asking him to state the conversation which had taken place between the appellant and witness prior to the execution of the lease, with reference to the property therein mentioned, but the appellees objected to the admissibility of the same, and the Court sustained the objection and refused to allow the question to be answered. It is very clear that it was not a proper cross-examination of the witness and we agree with the appellant's statement on his brief, that " the exception is not very material."

The second exception relates to the granting of all of the prayers of the appellees and the rejection of all of the appellant's prayers. The appellees' prayers presented the law of the case very fully as applicable to each of the issues joined and we think the whole case was amply embraced in

the instructions given, and that the appellant obtained the benefit of all the law which he was entitled to have applied to his case. The verdict and judgment being against him he has appealed. The principles of law regulating actions of this character have so often been considered and passed upon by this Court that it is only necessary to apply them to the facts in this case. We refer to the cases of *McAleer* v. *Horsey*, 35 Md. 439; *Buschman & Cook* v. *Codd*, 52 Md. 207; *Robertson* v. *Parks*, 76 Md. 123; *Weaver* v. *Shriver*, 79 Md. 540. The record of this case is burdened with a great deal of testimony which has no proper bearing upon or relation to the issues joined, which are but few and simple. It is well settled law, that where one makes a false representation, knowing it to be false, with intent to induce another to enter into a contract, which but for such representation he would not have entered into, and he is thereby damnified, a case of fraud is made out and an action will lie. As stated by JUDGE ROBINSON in *Buschman & Cook* v. *Codd*, *supra*, " The representation to be material, must be in respect of an ascertainable fact as distinguishable from a mere matter of opinion. A representation which merely amounts to a statement of opinion, judgment or expectation, or is vague and indefinite in its nature and terms, or is merely a loose conjectural or exaggerated statement, is not sufficient to support an action. And for the reason that such indefinite representations ought to put the person to whom they are made, upon the inquiry, and if he chooses to put faith in such statements, and abstained from inquiry, he has no reason to complain." In this case the alleged misrepresentations were made concerning the quality and quantity of the water in the cistern. The appellees with entire frankness stated that they had never resided on the property, but that the former owner had commended the water as excellent. The appellant could have verified the correctness of the representations concerning the quality of the water, without serious inconvenience to himself, if he had thought proper to do so, and having failed to exercise this reasonable pre-

caution, he has now no just cause of complaint. He was informed and saw that the property was supplied with water by means of a cistern, which caught the water and acted as a reservoir to retain the rain falling upon the roof. The water appears from the testimony to have been reasonably good when first used by the appellant, but is claimed to have become worse later on in the season. This was only a natural result, and one which the appellant should have reasonably anticipated. The accumulation of dust upon the roof of the house naturally was washed by the falling rain into the cistern, and the water in time became affected thereby. What we have said concerning the water is equally applicable to the condition of the barn, and the failure of the appellant to ascertain the actual condition of both, when they were both so easily accessible to him, cannot support the defences set up in this action. *Ranstead* v. *Allen,* 85 Md. 482.

In conclusion we think there is an entire absence of proof to sustain the alleged falsity of the representations made by the appellees, or that they knew them to be false, or that they were made with fraudulent intent for the purpose of inducing the appellant to lease said premises.

Being of opinion that the appellee's prayers, all of which were granted by the Court, covered the whole law of the case, for that reason we deem it unnecessary to consider in detail the several prayers offered by the appellant and refused by the Court. It follows from what we have said that the judgment of the Court below must be affirmed.

*Judgment affirmed with costs.*

(Decided June 23rd, 1897).