GEORGE A. FOSTER, Respondent, v. GUILIO DI PAOLO et al., Appellants.

Fraud — damages — action for fraud — measure of damages is actual pecuniary loss sustained as direct result of defendant's fraudulent misrepresentations — evidence — probable profits lost through defendant's wrong not competent to show damages.

1. The true measure of damage in an action for fraud is indemnity for the actual pecuniary loss sustained as the direct result of the defendant's wrong. It does not include profits which plaintiff could have made on contracts with third parties.

2. In an action to recover damages on the ground that plaintiff was induced to enter into a contract to purchase a certain quantity of cider at a specified price by false and fraudulent representations of the defendants as to the quality of the cider, it was error to permit plaintiff to prove that he had contracts with third parties which he was unable to fulfill or carry out by reason of the poor quality of the cider and that he thereby lost the profits which he otherwise would have made. It was error also to submit the case to the jury upon the theory that if plaintiff had been deprived of such profits by reason of the false and fraudulent representations of the defendants, then he was entitled to recover that amount.[1]

*Foster* v. *DiPaolo*, 202 App. Div. 826, reversed.

(Submitted May 1, 1923; decided May 29, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered July 6, 1922, affirming a judgment in favor of plaintiff entered upon a verdict.

*Joseph McSweeney* for appellants. The court erred in allowing plaintiff to prove loss of profits as damages in

an action for fraud. (*Reno* v. *Bull*, 226 N. Y. 553; *Sigafus* v. *Porter*, 179 U. S. 116; *Polhemus* v. *Polhemus*, 114 App. Div. 784.) In any event plaintiff's proof of special damages was not sufficient and the court erred in denying defendants' motion to strike it out and in denying defendants' motion for a nonsuit. (*Booth* v. *S. D. R. M. Co.*, 60 N. Y. 487; *Atlas P. C. Co.* v. *Hopper*, 116 App. Div. 450; *Parsons* v. *Sutton*, 66 N. Y. 92; *Saxe* v. *Penokee Lumber Co.*, 159 N. Y. 371.)

*Oswald P. Backus, Jr.*, for respondent. Plaintiff's proof of damage was sufficient. (*Booth* v. *Spuyten Duyvil R. M. Co.*, 160 N. Y. 487.)

. MCLAUGHLIN, J. On the 2d of December, 1919, the plaintiff and defendant Guilio DiPaolo entered into a written contract, by the terms of which DiPaolo agreed to sell and deliver to the plaintiff, on or before the 31st of December, 1919, five hundred barrels of A-1 grade pure apple cider of approximately fifty gallons to the barrel. The cider was to be delivered to the plaintiff at 374 State street, Rochester, N. Y., or at the Kent street freight yard of the New York Central railroad. The agreed price was thirty-eight cents per gallon, to be paid when the cider was delivered to the plaintiff. He was also to pay $2.50 for each barrel, which amount was to be returned if the barrels were. The plaintiff, as a guaranty for the faithful performance of the contract on his part, gave to the defendant a note for $500, and as collateral security for the payment of the same deposited that amount in a national bank in Rochester. The note was to be paid on the date of the delivery of the last barrel of cider called for by the contract. Only seventy-one barrels of the cider were delivered and the defendants refused to make any further deliveries after the 1st of January, 1920.

The plaintiff brought this action to recover damages on

the ground of fraud, alleging that he was induced to enter into the contract by false and fraudulent representations of the defendants as to the quality of the cider, by reason of which fact he was deprived of the profits which he would have made on contracts with third parties for the sale of the cider to them..

At the trial he was permitted to prove, against the objection and exception of the defendants, that he had contracts with third parties which he was unable to fulfill or carry out by reason of the poor quality of the cider and he thereby lost the profits which he otherwise would have made. The case was submitted to the jury upon the theory that if he had been deprived of such profits by reason of the false and fraudulent representations of the defendants, then he was entitled to recover that amount. Plaintiff had a verdict and the judgment entered thereon was affirmed by the Appellate Division, one of the justices dissenting. This appeal followed.

The judgment must be reversed because an improper measure of damage was adopted. What profits the plaintiff might have made was immaterial. That was not the question to be determined. The question was what did he lose by being deceived into making the contract to purchase the cider. The true measure of damage in an action for fraud is indemnity for the actual pecuniary loss sustained as the direct result of the defendants' wrong. It does not include profits which he could have made on contracts with third parties. (*Reno* v. *Bull*, 226 N. Y. 546; *Ochs* v. *Woods*, 221 N. Y. 335; *Urtz* v. *N. Y. C. & H. R. R. R. Co.*, 202 N. Y. 170.) This is the rule not only in this state, but in the federal courts (*Sigafus* v. *Porter*, 179 U. S. 116; *Smith* v. *Bolles*, 132 U. S. 125) and in many of the states. (*Reynolds* v. *Franklin*, 44 Minn. 30; *Woolenslagle* v. *Runals*, 76 Mich. 545; *Buschman* v. *Codd*, 52 Md. 202; *High* v. *Berret*, 148 Penn. St. 261.) It is also the English rule. (*Peek* v. *Derry*, 37 Ch. Div. 541.)

The judgments appealed from, therefore, should be reversed and a new trial ordered, with costs to abide event.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND and CRANE, JJ., concur; ANDREWS, J., absent.

Judgments reversed, etc.