## STANDARD MOTOR COMPANY *vs.*
## SAMUEL PELTZER.

*Fraud—By Seller—Questions for Jury—Measure of Damages—Prayers—Burden of Proof.*

That one who signed a contract could not read and did not know its contents did not relieve him therefrom, no advantage being taken of his illiteracy, members of his family who could read being present, and it appearing that he did not concern himself with its contents.                                    p. 511

In a suit on the ground of fraud and deceit in the procurement of a written contract, evidence of oral representations by defendant's agent in the preliminary negotiations was admissible to show fraud, although the contract provided that any assertions and promises emanating from defendant's side should be taken as expressions of belief or opinion only.  pp. 511, 512

In an action by the buyer of a motor truck against the seller for fraud in effecting the sale, *held* that the jury were justified in finding, from the nature of the representations made by the seller's agents, and their tendency to influence the buyer, an illiterate farmer, that the agents intended them to be relied on, despite the opportunities afforded the buyer for informing himself by inspection as to the construction and condition of the truck, and that there was sufficient evidence to justify a finding by the jury that he did rely upon the representations and was justified in so doing.                           pp. 512-514

The measure of damages for fraudulent misrepresentations by the seller of an article is the difference between the price paid and the actual value of the article.              p. 514

In an action by the buyer of a truck for fraudulent misrepresentations as to its date, and the character of the motor, *held* that it was a question for the jury whether certain facts in evidence as to the service rendered to plaintiff by the truck were irreconcilable with his contention that there was a difference between the actual value of the truck and the price paid.
                                                pp. 514, 515

In an action for fraudulent misrepresentations in the sale of a truck, evidence as to troubles experienced by the buyer with the truck during the first two months *held* admissible, in view of testimony as to representations in regard to the extent of previous use and present condition, and as possibly aiding the jury in weighing the evidence of difference in values.    p. 515

In an action for fraud on the part of the seller of a motor truck, *held* that it was proper for the court, while granting defendant's prayer that the burden was on plaintiff to overcome the legal presumption against fraud, to refuse another prayer which added the statement that fraud is odious in contemplation of law, the prayer granted being somewhat more comprehensive.    p. 516

*Decided March 20th, 1925.*

Appeal from the Superior Court of Baltimore City (STUMP, J).

Action by Samuel Peltzer against the Standard Motor Company. From a judgment for plaintiff, defendant appeals. Affirmed.

The cause was argued before BOND, C. J., PATTISON, TURNER, ADKINS, and WALSH, JJ.

*J. Purdon Wright,* with whom was *Wendell D. Allen* on the brief, for the appellant.

*John L. G. Lee,* for the appellee.

BOND, C. J., delivered the opinion of the Court.

The plaintiff in this case, now appellee, brought an action of deceit against the appellant, a dealer in automobiles, alleging that the dealer's agents induced him to buy a used truck upon a false representation that it was of a 1920 model, whereas it was later found to be of a 1917 model, and upon other representations of condition and quality, all of which were untrue, and known to the agents to be so, with the

result that he received a truck much inferior to that which was described to him, and of less value. The contract is not repudiated; the plaintiff has retained the truck and sued for the difference in values. The record contains sixty-two exceptions to rulings during the trial, and it is necessary to group them according to the questions raised.

One question, raised by many exceptions throughout the case, is as to the admissibility of evidence of oral representations in the face of a written contract or memorandum of the transaction. The buyer, after several interviews with the agents of the seller, and after some inspection of the truck by himself and other members of his family, purchased a used Columbia truck and signed a form of contract upon the conclusion of the bargaining. The contract was a simple one, with its terms set out clearly. It contained a clause to the effect that all assertions and promises whatever emanating from the seller's side should be taken as expressions of belief or opinion only, and contained the words "no warranty" inserted in capital letters above a form of warranty clause which had been crossed out. It was signed by the buyer and signed in the name of the seller by its agents. On the trial, the buyer testified that he could not read, and therefore signed the paper without knowledge of its contents. That fact does not detract from the effectiveness of the contract, however, as it is not suggested that any advantage was taken of his illiteracy, or, indeed, that the seller's agents had any intimation of it. The members of the buyer's family who were with him could read; and the whole purport of the testimony seems to be that the buyer did not concern himself with the contents of the paper which he was executing. So far as it goes, he must abide by the contract which he joined in executing, just as any other man must. *Wilson v. Pritchett,* 99 Md. 583, 593; *Spitze v. B. & O. R. R. Co.,* 75 Md. 162; *Boyle v. Rider,* 136 Md. 286, 291; *McGrath v. Peterson,* 127 Md. 412, 417. And the appellant contends that, this being so, it was improper to admit evidence of oral representations in the preliminary negotiations leading up

to the making of the written contract. The objection might be well taken if this were a suit on the contract for breach of warranty (*Williston on Sales,* sec. 215; *Thomson v. Gortner,* 73 Md. 474, 480), but in a suit on the ground of fraud and deceit, such an express exclusion of representations not set out in the writing does not, according to the weight of authority, prevent proof by parol of representations which amounted to fraud, and which induced the making of the contract. The view taken by the law is that giving effect to such a stipulation would be a furtherance of the objects and results of the fraud. *Stouffer v. Alford,* 114 Md. 110, 119; 1 *Williston on Sales,* sec. 215; 2 *Williston on Contracts,* sec. 811; *Pearson v. Dublin* (1907), A. C. 351; *General Electric Co. v. O'Connell,* 118 Minn. 53; *Tiffany v. Times Sq. Automobile Co.,* 168 Mo. App. 729; *Pratt v. Darling,* 125 Wis. 93; *Bonewell v. Jacobson,* 130 Iowa, 170. And this is true even though the representations are alleged to have been made by an agent of the party sued. *Pearson v. Dublin, supra.* It follows that there was no error in the admission here of parol evidence to prove false representations which might mount up to fraud.

There is, next, a question whether the evidence is, after it has been received, legally sufficient to prove actionable fraud and deceit. The preliminary representations alleged to have been made were, more particularly, that this truck was of a 1920 model, used only twenty-eight days; and now as good as new; that it contained a Continental motor, that it had been sold to a Wandell Chocolate Company for $1,400, that it had been sitting in the seller's garage since 1920, and that the seller would be losing money when selling at $1,300. The selling agents flatly deny that any such representations were made, and testify that the buyer and his family examined the truck and the engine, for themselves, that the facts were open to them, and that they were given information of the make of the engine by a special sign hung on the truck as well as the clear notice in the contract which the buyer signed that he bought the truck as it was. But the

conflict of evidence, of course, does not come up for consideration on appeal. The representations were of fact (*Rittenhouse Co. v. Kissner,* 129 Md. 102), or, at least, such expressions as, if falsely made, with the intention and effect of inducing the purchase, would give a right of action for deceit.    *Cf.* 2 *Williston on Sales,* sec. 628.    The selling agents concede that the facts are contrary to some of the principal representations testified to, that the truck was, for instance, of a 1917 model, and did not have a Continental motor in it; and there is evidence sufficient for a jury that the facts were contrary to the other representations stated, and that the agents must have known what the facts were. In addition to this, the buyer testified that he accepted everything told him without question, and without relying on his own inspection and judgment at all.    In the argument, the appellant's counsel contends that, in view of the fact that the truck was exposed to the buyer's inspection, for the exercise of his own judgment, and the notices given that he must buy the truck as it was, he was not in law justified in relying on any such representations as he says were made to him, that he was in this transaction left to make up his own independent judgment, and if he received what he did not intend to buy, it was a result of his own folly or fault, and he cannot ask the law to relieve him from the consequences. *Buschman v. Codd,* 52 Md. 202, 208; *Lewis v. Clark,* 86 Md. 327, 331; *Weaver v. Shriver,* 79 Md. 530; *McAleer v. Horsey,* 35 Md. 453; *Boulden v. Stilwell,* 100 Md. 543, 549.    The evidence showed that the buyer here had had some experience as an owner and user of a truck, and that the truck was displayed for his inspection without restriction.    On some of his visits to the salesrooms he remained an hour and more.    He testified, however, that his illiteracy rendered him unable to read marks or names on the truck and its engine, and that, having the statements of the selling agents to depend upon, he did not undertake to determine any of the facts for himself.    He was not an expert in motor vehicles; he was a farmer.    The selling agents, on the other hand, were pre-

sumably experts with exact information as to the truck they were selling. And the court could not say that it was negligence and folly for this buyer to accept and rely on whatever had been told him. *Cf. Cook v. Gill,* 83 Md. 177. We know, of course, that it is natural and usual for ordinary buyers to do so in respect to such things as the model, the make of engine, the history of the truck, and its present condition. And we think the jury were entitled to find, from the nature of the representations and their tendency to influence such a buyer, that the selling agents intended them to be relied on, despite the opportunities afforded the buyer for informing himself. Our conclusion is that there was sufficient evidence for the jury to find that the appellee relied upon the alleged misrepresentations and was justified in his reliance.

There is a further question raised as to the measure of damages appropriate in such a suit, and as to the sufficiency of evidence to serve as a basis for estimating damages according to that measure. The buyer claimed the difference between the amount of the purchase price he had paid and the value placed by his witnesses on the truck as it was, which is according to the measure of damages regularly adopted in this State. *McAleer v. Horsey,* 35 Md. 439; *Robertson v. Parks,* 76 Md. 118; *Cooke v. Gill,* 83 Md. 177; *Pendergast v. Reed,* 29 Md. 398. The appellant cites against this contention for a lower value the testimony on behalf of the buyer himself that the truck at once ran under its own power a distance of about fifteen miles to the buyer's farm, then moved the furniture of a neighbor back to Baltimore, and was in use in all about two months before it was taken in hand for repairs; and that then the repairs, with replacements, cost altogether only eighty-one dollars. This does not go to the point of possible difference in value of a 1920 truck and a 1917 truck, one with a Continental motor and one without; and it was for the jury to decide the question whether the facts cited were irreconcilable with the claim of difference in value because of defective condition. We see

no error in the rulings on the measure of damages and the sufficiency of evidence for the jury to find damages.

Objections made to the recital in evidence of troubles experienced with the truck during the first two months seems to us not well taken, because in this case representations as to the extent of previous use and as to present condition were testified to, and the evidence seems relevant to the controversy on those facts. It might also aid the jury in weighing the evidence of difference in values. Many other exceptions were taken to rulings on the admissibility of evidence, bringing up such questions as materiality of the evidence and leading nature of the questions of counsel. There are too many of them, and they are of too little importance, to be discussed separately. We have found no error in any of them.

The one prayer of the plaintiff which was granted we find unobjectionable. The only objection suggested by the appellant is that it overlooks an absence of evidence of actual damages, and adopts a mistaken measure of damages. As has already been said, we think the measure is correct and the evidence sufficient for the jury on that point. *McAleer v. Horsey, supra; Roberson v. Parks, supra; Cooke v. Gill, supra.* The defendant, now appellant, submitted fourteen prayers for instructions. Seven of them were prayers for the direction of a verdict for the defendant because of legal insufficiency of evidence to support the plaintiff's case, generally; and five were for a like direction because of insufficiency of evidence to show actual damage either from all the alleged representations taken together, or from each one separately. They were all refused. We have already discussed the questions of sufficiency of evidence which these prayers raised, and for reasons already given we think their refusal was correct. The defendant's tenth prayer, which was granted, defined the burden of proof resting upon the plaintiff, and concluded with the statement that "in making up their minds upon the question of fraud the jury are instructed that fraud is not to be presumed and that the burden

of proof is on the plaintiff to overcome such legal presumption by evidence satisfactory to the jury." In the eleventh prayer the court was asked to instruct the jury "that fraud is odious in contemplation of law and is not to be presumed, and the burden of the proof is on the plaintiff to overcome such legal presumption by evidence satisfactory to the jury." The difference in the two instructions asked is only that the later one adds the statement "that fraud is odious in contemplation of law." It is desirable that a jury be impressed with the need of caution in sustaining a charge of fraud and deceit, and the instruction contained in this eleventh prayer was approved in *McAleer v. Horsey,* 35 Md. 439, 461, and *Robertson v. Parks,* 76 Md. 118, 136; but we have concluded that it was not necessary to repeat the instruction on the burden of proof in this case so as to add it, and that the court acted properly in selecting the tenth prayer, which was somewhat more comprehensive, as a sufficient instruction for the jury on that point.

After having thus considered all the questions raised, we find no reversible error in the case.

*Judgment affirmed, with costs to the appellee.*