**BISHOP et al. v. E. A. STROUT REALTY AGENCY, Inc.**

**No. 6066.**

United States Court of Appeals
Fourth Circuit.

Argued April 19, 1950.

Decided May 29, 1950.

504

Sol C. Berenholtz, Baltimore, Md. (Solomon Kaplan, Baltimore, Md., on brief), for appellants.

John W. T. Webb and William W. Travers, Salisbury, Md. (Webb, Bounds, Travers & Adkins, Salisbury, Md., on brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PARKER, Chief Judge.

This is an appeal by plaintiffs from a judgment for defendant on a directed verdict in an action to recover damages for deceit. Plaintiffs are husband and wife who purchased a tract of land with water frontage for the purpose of using it as an angler's camp. The defendant is the real estate agency that is alleged to have sold the property acting through its local representative or "associate", one Oscar C. Davis, who was not joined in the action. The complaint alleges that plaintiffs were induced to purchase the land through the false and fraudulent representations of Davis as to the depth of the adjacent water and that they suffered damage as a result. The case was heard before a jury and the trial judge directed verdict for defendant on the ground that the falsity of the representations could have been discovered by plaintiffs by an examination of the property purchased. Defendant contends that the direction of the verdict should be sustained on the ground given by the trial judge and also on the additional grounds that no fraudulent intent was shown, that there was no proof of damage and that it was not shown that Davis was acting for defendant in the sale of the property.

As the case must be tried again it is not desirable to discuss the evidence in detail. It is sufficient to say that when taken in the light most favorable to plaintiffs, as it must be on motion for directed verdict, it was amply sufficient to take the case to the jury. There was evidence tending to show that the property was listed with defendant for sale, that Davis handled business for defendant in the locality where the land was situate and that defendant afterwards recognized the sale as having been made through its agency. There was evidence that plaintiffs notified Davis of the purpose for which they desired the property and of the necessity of having deep water adjacent to it so that boats could be brought in, and that they were assured by him that this property would suit them to a "T" and that the water adjacent was not less than six feet deep at low tide and nine feet or more deep at high tide. They testified that they were shown the property at high tide and relied upon these statements of Davis without making soundings because they trusted him and had no reason to believe that he was not telling the truth. Plaintiffs paid $3,000 down, giving a $4,000 mortgage for the remainder of the purchase price, and entered into possession and made certain expenditures for improvements. Shortly thereafter they discovered that the water adjacent to the property was very shallow. Because of this, it was not at all suited for the purpose for which it had been purchased and plaintiffs had to abandon it. When they attempted to see Davis, they were unable to get him to meet with them to discuss the matter. The mortgage given by plaintiffs was foreclosed and the property was bought in at the foreclosure sale for the amount of the mortgage debt. The evidence thus presents all the elements necessary to a recovery on the ground of actionable fraud, which are set forth by the Court of Appeals of Maryland in Gittings

v. Von Dorn, 136 Md. 10, 15, 109 A. 553, 554, as follows:

"To entitle the plaintiff to recover it must be shown: 1. That the representation made is false; 2. that its falsity was either known to the speaker, or the misrepresentation was made with such a reckless indifference to truth as to be equivalent to actual knowledge; 3. that it was made for the purpose of defrauding the person claiming to be injured thereby; 4. that such person not only relied upon the misrepresentation, but had a right to rely upon it in the full belief of its truth, and that he would not have done the thing from which the injury resulted had not such misrepresentation been made; and 5. that he actually suffered damage directly resulting from such fraudulent misrepresentation. McAleer v. Horsey, 35 Md. 439; Buschman v. Codd, 52 Md. 202; Robertson v. Parks, 76 Md. 118, 24 A. 411; Cahill v. Applegarth, 98 Md. 493, 56 A. 794; Boulden v. Stilwell, 100 Md. 543 [551] 60 A. 609, 1 L.R.A.,N.S., 258."

We do not think that plaintiffs are precluded of recovery because they accepted and relied upon the representations of Davis as to the depth of the water without making soundings or taking other steps to ascertain their truth or falsity. The depth of the water was not a matter that was apparent to ordinary observation; Davis professed to know whereof he was speaking; and there was nothing to put plaintiffs on notice that he was not speaking the truth. There is nothing in law or in reason which requires one to deal as though dealing with a liar or a scoundrel, or that denies the protection of the law to the trustful who have been victimized by fraud. The principle underlying the caveat emptor rule was more highly regarded in former times than it is today; but it was never any credit to the law to allow one who had defrauded another to defend on the ground that his own word should not have been believed. The modern and more sensible rule is that applied by the Court of Appeals of Maryland in Standard Motor Co. v. Peltzer, 147

Md. 509, 510, 128 A. 451, where it was held not to be negligence or folly for a buyer to rely on what had been told him. This is in accord with the modern trend in all jurisdictions which is summed up in A.L.I. Restatement of Torts, sec. 540 as follows:

"The recipient in a business transaction of a fraudulent misrepresentation of fact is justified in relying upon its truth, although he might have ascertained the falsity of the representation had he made an investigation."

The rule is thus stated with citation of the pertinent authorities in 55 Am.Jur. p. 539:

"The tendency of the courts, however, is not to deny relief to a defrauded purchaser on the ground that he was negligent in relying on the vendor's representations, and the mere fact that he could have ascertained by inquiry and investigation the falsity of express representations of existing facts, the truth of which was known to the vendor and unknown to the purchaser, will not necessarily bar him from relief. In this connection it has been said that the unmistakable drift is toward the doctrine that the vendor cannot shield himself from liability by asking the law to condemn the credulity of the purchaser."

Defendant places particular reliance upon the old case of Buschman v. Codd, 52 Md. 202, where the rule is stated: "Where the real quality of the thing is an object of sense, obvious to a person of ordinary intelligence, and the parties have equal knowledge or means of acquiring information by the exercise of ordinary inquiry and diligence, and nothing is said for the purpose of preventing such inquiries as every prudent person ought to make, under such circumstances there is no warranty of the seller's knowledge of the truth of his representations, or of the fact being as it is stated to be." We do not think that this indicates that the law of Maryland differs from the law prevailing in other jurisdictions. See A.L.I. Restatement of Torts sec. 541.[1] The case here, however, is not one of a repre-

---

1. Maryland Cases dealing with the right to recover on the ground of deceit are McAleer v. Horsey, 35 Md. 439; Buschman v. Codd, 52 Md. 202; Weaver v. Shriver, 79 Md. 530, 30 A. 189; Boulden v. Stilwell, 100 Md. 543, 60 A. 609, 610, 1 L.R.A.,N.S., 258; Gittings v. Von Dorn, 136 Md. 10, 109 A. 553; Standard Motor

sentation obviously false but of a representation of fact which plaintiffs had no reason to doubt, made by one who professed to know whereof he was speaking and who made it for the purpose of influencing their judgment and bringing about a sale of the property. The rule applicable in such a situation is the general rule as set forth in the Restatement, which was applied by the Court of Appeals of Maryland in Standard Motor Company v. Peltzer, supra, where the false representation was that a 1917 model truck offered for sale was a 1920 model and had been used for only a very short while. In answer to an argument based on Buschman v. Codd, supra, that the plaintiff was not justified in relying upon the representation, the court said:

"The evidence showed that the buyer here had some experience as an owner and user of a truck, and that the truck was displayed for his inspection without restriction. On some of his visits to the salesrooms he remained an hour and more. He testified, however, that his illiteracy rendered him unable to read marks or names on the truck and its engine, and that, having the statements of the selling agents to depend upon, he did not undertake to determine any of the facts for himself. He was not an expert in motor vehicles; he was a farmer. The selling agents, on the other hand, were presumably experts with exact information as to the truck they were selling. And the court could not say that it was negligence and folly for this buyer to accept and rely on whatever had been told him." [147 Md. 509, 128 A. 453.]

█ Little need be said as to the other grounds urged to sustain the direction of the verdict. It is said that there was no evidence of fraudulent intent; but the misrepresentations were made for the purpose of inducing a sale and, if Davis did not make them with knowledge of their falsity, it is a fair inference that he made them with "reckless indifference to truth." The fact that he avoided an interview with the plaintiffs after they had discovered the wrong that had been done them was a circumstance tending to show guilty knowledge on his part. It is said there is no proof of damage resulting from the fraud; but plaintiffs are out more than $3,000 as a result of their experience and the fact that the property brought no more than the mortgage when offered at public sale is some evidence that it was not worth what plaintiffs paid for it when they were led to believe that it had deep water adjacent and was just the sort of property that they were looking for to establish an angler's camp. It is significant that in the motion for directed verdict no question was raised as to the sufficiency of the proof on the issue of damages; and the trial judge gave no such reason for directing the verdict. As to proof of agency, the evidence that the property was listed with defendant and that after the sale defendant recognized it as having been made through its agency, is sufficient to take the case to the jury. Defendant could not do business through Davis and escape responsibility for his conduct by relying upon limitations in a contract of which plaintiffs had no notice. The rules of law applicable to such a situation are too elementary to justify discussion.

The judgment appealed from will be reversed and the case will be remanded for a new trial.

Reversed and remanded.

Co. v. Peltzer, 147 Md. 509, 128 A. 451; Purdum v. Edwards, 155 Md. 178, 141 A. 550; Babb v. Bolyard, Md., 72 A.2d 13. While these hold that mere statements of opinion or intent or statements which are obviously false do not furnish the basis for an action of deceit, there is nothing in any of them to indicate that the law of Maryland is not in accord with the general law on the subject to the effect that one who has made to another false representations as to material and subsisting facts, which are reasonably relied upon by the party to whom they are made and are acted upon by him to his damage, is liable for the damage resulting from the fraud. While statements the falsity of which should have been as obvious to the person to whom made as to the maker have been held not to furnish grounds of action, there is no holding that a defrauded person is not justified in relying upon a false statement of material fact which he has no reason to doubt.