■ SEIKO TIME CORPORATION, Appellant, v VIDEO ASSOCIATES, INC., Respondent. — Order of the Supreme Court, New York County (D. Edwards, J.), entered on July 21, 1983, which, *inter alia,* denied plaintiff's motion for summary judgment, is unanimously reversed, on the law, with costs and disbursements, the motion for summary judgment in the amount of $325,655.95 is granted, and defendant's counterclaim is severed. ¶ In this action for goods sold and delivered, plaintiff-appellant Seiko Time Corporation (Seiko) seeks payment for certain watches and timepieces which defendant-respondent Video Associates, Inc. (Video) admits contracting for and receiving. Video purchased this merchandise and resold it primarily to banks and corporations to be used as "premiums" or gifts. ¶ In its second amended counterclaim, Video alleges that Seiko is guilty of fraud in the inducement in that a vice-president of Seiko, Mortimer Gershman, allegedly intentionally misrepresented orally to representatives of Video that the contract prices would be substantially the same to Video as to Video's competitors in the premium merchandising market, but that Seiko then allegedly sold to one of Video's competitors, Harvey L. Ross Enterprises, at prices 20% below those offered to Video. Grounded on this allegation of fraudulent inducement, defendant seeks dismissal of the complaint and damages in an unspecified amount not less than $60,000, for lost profits, and damage to its business. ¶ By accepting and reselling the goods under the contract, Video has extinguished any power to avoid the contract on the ground of fraudulent inducement (see *Smith Bros., Publishers v Moussette,* 75 Misc 121 [Lehman, J.]) and, accordingly, is liable for the contract price which can adequately be determined from the record. In any event, defendant would be liable for the contract price less 20% (some $60,000) and summary judgment would be warranted for that amount (some $260,000). ¶ On its counterclaim, which will now proceed as an independent action, if Video can prove fraudulent inducement on the part of Seiko, damages for lost profits are not recoverable. (See *Reno v Bull,* 226 NY 546, 553; *Foster v Di Paolo,* 236 NY 132.) The damage would be the difference between what Video paid and the value of what it received. Concur — Murphy, P. J., Kupferman, Silverman and Bloom, JJ.

Sandler, J., concurs in the result only.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PRIMITIVO OLAN, Appellant. — Judgment, Supreme Court, Bronx County (George Covington, J.), rendered on May 23, 1983, unanimously affirmed. The case is remitted to the Supreme Court, Bronx County, for further proceedings pursuant to CPL 460.50 (subd 5). No opinion. Concur — Murphy, P. J., Kupferman, Carro, Silverman and Alexander, JJ.