## Staunton.

### TRAMMELL AND ANOTHER v. ASHWORTH.

#### SEPTEMBER 12, 1901.

1. APPEAL AND ERROR—*Final Decree—Order of Reference.*—A final decree is one which disposes of all matters in controversy, and leaves nothing to be disposed of by the court. A decree which settles the principles of a case and refers it to a commissioner to state accounts which are necessary to enable the court to pass finally upon the rights of the parties is not a final decree.

2. RESCISSION—*Misrepresentations — Case in Judgment — Boundaries.*—To justify a rescission of a deed at the instance of the grantee on account of misrepresentations of the grantor, the grantee must show that the representations were of a positive fact made for the purpose of procuring the deed; that they were untrue; that they were material; and that they were relied upon and induced the contract. In the case in judgment, the truth with reference to the misrepresentations relied on, except as to boundaries, was apparent.

3. RESCISSION—*Election—Promptness—Fraud.*—A party who wishes to rescind a contract on account of fraud in its procurement must do so as soon as he discovers the fraud, for if after he discovers the fraud he treats the contract as subsisting, he will be deemed to have waived his right to rescind. The election to rescind or to affirm may be by acts as well as words, and when once made is final and cannot be retracted.

Appeal from a decree of the Corporation Court of the city of Bristol, pronounced October 8, 1898, in a suit in chancery, wherein appellant, W. H. Trammell, was the complainant, and the appellee and another were the defendants.

*Reversed.*

The opinion states the case.

*A. B. Whiteacre, H. W. Sutherland,* and *John E. Burson,* for the appellant.

*Bailey, Price & Byars, J. S. Ashworth, A. H. Blanchard, H. G. Peters,* and *J. H. Fulton,* for the appellee.

KEITH, P., delivered the opinion of the court.

Trammell filed his bill in the Corporation Court of the city of Bristol, in which he shows that he is the assignee of a note for $700 executed by M. J. Ashworth to Rives Walker on February 26, 1895, due twelve months after date, payment of which was secured by a vendor's lien on a house and lot on the corner of Sycamore and Johnson streets, in the city of Bristol. M. J. Ashworth and Rives Walker, his assignor, are made parties defendant, and the prayer of the bill is that the house and lot be sold for the satisfaction of the lien.

M. J. Ashworth filed her answer, in which she admits the execution of the bond set out in the plaintiff's bill, and then states the transaction which led to its execution.

Rives Walker was the owner of a house and lot in the town of Bristol which Mrs. Ashworth desired to purchase, and after some negotiation she agreed to give the sum of $3,000 for them, $400 of which was paid in cash, $400 to be paid on the 15th of the following March, $1,500 on or before the 15th of July, 1895, and the remainder ($700), evidenced by the bond in suit, payable one year after its date. The property conveyed by Walker begins at a stake on the north side of Johnson street, and runs thence with Johnson street in a northerly direction 55 feet; thence west to an alley, about 166 feet; thence south with said alley 55 feet to Sycamore street, and east to the beginning. This lot was part of a lot owned by Walker, bounded on the south by Sycamore street, running thence north along Johnson street 128½ feet to Wood's line. Deducting the 55 feet sold to Mrs. Ashworth, there would remain 73½ feet still undisposed

of by Walker. Upon this lot, fronting 73½ feet on Johnson street, running back to the alley, the Holstein National Building and Loan Association had a prior lien by deed of trust upon the 70 feet lying contiguous to Wood's line, which would leave 3½ feet between the south line of the property conveyed to the Building Association and the 55 feet conveyed to Mrs. Ashworth.

Mrs. Ashworth claims that during the progress of the negotiation between herself and Walker he showed to her the point that would be reached by a line extending from Sycamore street 55 feet north, and that she bought with reference to that statement. She avers that the boundaries established by measurement fall short of the representations made to her with respect to them; that the variance is a very material one, which greatly impairs the value of the property, as it brings the north boundary of her lot almost in contact with her house, so that there would be no convenient passageway between her house and the boundary fence. She further avers that she called Walker's attention to the fact that the hallway in her house was too narrow, and that, owing to the location of the chimney, it would be very difficult and expensive to enlarge the hall, and that Walker assured her that the chimney was more than two feet distant from the partition wall, so that the partition might easily, and without much cost, be moved two feet, and the hall be, to that extent, enlarged; that, relying upon these representations, which she deemed material, and without which she would not have made the purchase, she executed the bond in suit. She claims that by reason of these misrepresentations she is entitled to have the contract rescinded, and to recover the money paid by her to Walker upon the contract, with interest.

She sets out in her answer that at the time of the purchase she assigned in full payment of the balance due upon the purchase a judgment in the name of *Kendrick* v. *Aston's Admr.* for the sum of $3,131, with interest on $2,441.90 from January,

1895, till paid.  She asks that her answer be treated as a cross-bill; that the contract, notes, conveyances, and assignment of the judgment be rescinded, and that she recover of Walker the money which he has received, with interest thereon.

There are other allegations in the answer which need not be noticed, as they were not relied upon in the argument.

Walker answered this cross-bill, in which he denies its allegations with respect to the representations he is alleged to have made with reference to the widening of the partition hall, and the location of the chimney in the house.  He declares that he made no representation whatever upon the subject to Mrs. Ashworth, but that, on the contrary, she examined the house a number of times before she purchased, and fully understood its plan.  He denies also the statement of the cross-bill with respect to the boundaries of the lot purchased by her, and claims that the lot is correctly described in his deed of the 26th of February, 1895, which was accepted by her, and under which she took possession and has since enjoyed the property in controversy.

The cause came on to be heard upon the issues thus presented, and upon the proofs taken, and the court decreed, on October 8, 1898, that the contract of sale, the notes given in pursuance thereof, and the assignment of the judgment should be rescinded; that Mrs. Ashworth should recover of Walker the money he had received, with interest on each item from the date paid, subject to a reasonable rent for the property; that the judgment of *Kendrick* v. *Aston's Admr.* had been assigned as a collateral security, and not as a payment, and that Walker was chargeable only with the money actually received by him; and the decree also disposed of other issues and questions not now relied upon, and which we shall not discuss.

The cause was referred to a commissioner to take the accounts rendered necessary by the decree.  The question of costs was reserved for future decision, and the cause was continued.

The commissioner filed his report in obedience to this decree

on the 8th day of December, 1898, and on January 9, 1899, the court entered a decree disposing of certain exceptions to this report, ascertaining the amount which Mrs. Ashworth should recover against Rives Walker, and establishing it as a prior lien upon the property.

About this time certain creditors of Mrs. Ashworth came in by petition seeking to subject her recovery to the lien of their judgments, upon which no execution had issued, and by the decree of September 23, 1899, the court held that the judgment set up against Mrs. Ashworth did constitute a lien upon the interest held by her in the property prior to the decree for rescission.

On the 4th of October, 1899, Trammell, assignee, and Rives Walker presented their petition asking that an appeal be allowed from the decrees against them, which are described in their petition as final. On the 5th of October, 1899, the appeal was granted, and we are met by a motion on behalf of appellees to dismiss the appeal upon the ground that the appeal bond was not executed within one year from the date of the decrees appealed from.

This motion would prevail if the decrees of October, 1898, had been final in their character. They are obviously interlocutory, though they so far dispose of the merits of the controversy as to give this court jurisdiction to review them. A final decree is one which disposes of all matters in controversy, and leaves nothing to be decided by the court; while the decrees before us merely establish the principles which are to control the commissioner in stating the accounts which were necessary in order to enable the court to pass finally upon the rights of parties in the view taken by it. The motion to dismiss is denied.

The deed rescinded by the decree complained of was executed on the 26th day of February, 1895, and the grantee went immediately into possession under that deed, and made no demand for its rescission until the filing of her cross-bill on the 17th of

December, 1897. It appears from the evidence that the property was shown to and examined by her before she agreed to purchase it, and she entered and occupied the house without objection for a period of nearly three years. The width of the hall was apparent to the most casual observation; the location of the chimney with reference to the partition wall was equally obvious, so that we are of opinion that if the representations upon this subject were as stated by Mrs. Ashworth, which the appellant denies, she would not be entitled to a rescission of her contract upon that ground.

With respect to the boundary of the lot, it appears that, after she had been in possession for some time, Walker made preparation to build a fence upon its north line, measuring 55 feet from Sycamore street. When Mrs. Ashworth discovered where the post-holes were being dug, she called the attention of Walker to the fact that the proposed line of fence would leave no convenient passageway between it and the side of her house, and thereupon he consented to have the fence placed two feet further north. In his deposition, Walker claims that this was a temporary arrangement. Mrs. Ashworth, however, looked upon it as a recognition of her claim. The fence was placed so as to embrace within her boundary 57 feet from Sycamore street to the northern limit of Mrs. Ashworth's lot, and we are of opinion, upon a review of all the evidence in the case, that this should be established as the true boundary line of her purchase.

We do not think that the facts warrant a rescission of the contract.

A vendee, in order to obtain a rescission of a contract upon the ground that it was procured by fraudulent representations of the grantor, must prove that the representations were of positive facts, made for the purpose of procuring the contract; that they were untrue; that they were material; and that the party to whom they were made relied upon them, and was thus induced to enter into the contract, and he must do so as soon as

he discovers the fraud, for if after he discovers the fraud he treats the contract as a subsisting one, he will be deemed to have waived his right of repudiation. His election may be manifested by acts as well as by words, and when once made is final and cannot be retracted. *Max Meadows L. & I. Co.* v. *Brady,* 92 Va. 71; *Hurt* v. *Miller,* 95 Va. 32.

The misrepresentations here relied upon were of such a character that the truth must have been apparent. This property seems to have greatly depreciated in value, which rendered it all the more imperative that Mrs. Ashworth should promptly disaffirm the contract upon the discovery by her of the location of the chimney, and that the 55 feet named in the deed which she received did not place the northern boundary of her lot at the point which had been indicated to her according to her statement by Mr. Walker.

We are of opinion that the Corporation Court erred in rescinding the contract.

With respect to the judgment which the appellee claims was assigned in satisfaction of the purchase money due by her, we are of opinion that there is no error in the decree which holds that it was merely transferred as additional and collateral security. Upon this point, the decree appealed from is affirmed.

With respect to the claims asserted by the creditors of Mrs. Ashworth, it is sufficient to say that as the fund to which they lay claim arises from a rescission of the contract of sale their contention has been disposed of in reversing the decree in that respect, the necessary result of which is that the fund which they claim disappears, and the interest of Mrs. Ashworth in the property becomes real estate, bound first for the payment of any balance due upon the vendor's lien for the purchase money, and the surplus, if any, by liens against her in the order of their priority, which should be ascertained by the Corporation Court, to which this cause is remanded to be further proceeded with in accordance with the views expressed in this opinion.

*Reversed.*