𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

NORFOLK & WESTERN RAILWAY COMPANY v. BELL.

February 2, 1906.

1. MASTER AND SERVANT—*Safe Appliances—Reasonably Safe, not Safest.*
   While a master ought to keep reasonably abreast with improvements in machinery for the protection of his servant, he is not bound to furnish the safest instrumentalities, but only such as are reasonably safe. The test is not whether the instrumentality selected is the best to be had, but is it reasonably adequate and proper for the use to which it is to be applied.

2. MASTER AND SERVANT—*Safe Appliances—Comparative Safety—Appliances used by other Masters.*—While a witness, with adequate knowledge, may testify as to the general practice of masters, and the comparative safety of different appliances, it is not competent for him to show that the different methods or appliances of another master are better than those of the defendant. On this subject even the skillful and the experienced may differ, and negligence cannot be established by such comparison.

3. EVIDENCE—*Hearsay—Case at Bar.*—An endorsement made by a third party on a paper offered in evidence that a particular instrumentality is used on all engines made at a certain shop, or that the instrumentality is the most effective against explosions, and is absolutely safe against injuries to workmen, is mere hearsay and is inadmissible in evidence.

4. MASTER AND SERVANT—*Safe Place—Fireman Running Engine—Servant out of Place.*—Where, under the rules of a railroad company, a fireman is permitted to run an engine in the presence of the engineer, and thereby learn to become an engineer, the company owes him the duty, while running the engine, of using ordinary care to provide and maintain a reasonably safe place in which he is to do the work, including reasonably safe machinery and appliances considering the character of the work to be done, and the difficulties

· and dangers attending it.  A fireman, standing on the side of the engineer, and running an engine under such circumstances, while an apprentice employed by the company is doing the firing, cannot be said to be in a place where he had no right to be.

5. INSTRUCTIONS—*Abstract Propositions.*—Instructions should state the law as applicable to the particular facts which the evidence in the case tends to prove, and not mere abstract propositions of law.

Error to a judgment of the Circuit Court of Campbell county, in an action of trespass on the case.  Judgment for the plaintiff.  Defendant assigns error.

*Reversed.*

The opinion states the case.

Instructions No. 1, given by the trial court, and commented on in the opinion below, is as follows:

"(1) The court instructs the jury that if they believe from the evidence that the plaintiff was, on the 21st day of October, 1902, in the employment of the defendant in the capacity of fireman on one of its engines, as alleged in the declaration, and that, as one of the inducements to said employment as fireman, he was permitted, in the presence of the engineer, to run the engine, and thereby learn to be an engineer, then it was the duty of the defendant to use ordinary care to provide and maintain a reasonably safe place in which he was to perform said work, including reasonably safe machinery, appliances and instrumentalities, taking into consideration the character of the work to be done and the difficulties and dangers attending it; and a failure on the part of the defendant to perform this duty would be negligence." ·

*F. S. Kirkpatrick* and *Wm. Hodges Mann,* for the plaintiff in error.

*Lee & Howard* and *Whitehead & Whitehead,* for the defendant in error.

Buchanan, J., delivered the opinion of the court.

This action was brought by George L. Bell, a fireman of the Norfolk and Western Railway Company, to recover damages for injuries resulting from the bursting of a glass water-gauge, which it was alleged the railway company had negligently constructed and maintained on its engine, upon which the plaintiff was at work when injured.

The first error assigned is to the action of the trial court in the admission of evidence.

The plaintiff put upon the stand a witness, who testified that he was a locomotive engineer and had worked as such on the Seaboard Air Line, Atlantic Coast Line, and Southern Rail-ways, and that he had also worked on the Norfolk and Western Railway as fireman and engine-hostler. The witness was permitted to describe the kind of water-gauge in use on the Seaboard Air Line Railway, and to identify and put in evidence a blue-print or cut showing its character. Upon this blue-print, which is made a part of the record, the original of which is before this court, there is endorsed, "This is the style of water-gauge used by Pennsylvania R. R., and almost entirely by Richmond Locomotive Works on everything they construct.

"J. D. M."

Another witness, who testified that he had worked on the Norfolk and Western Railway and on the Southern Railway, was permitted to describe the water-gauge in use on the Southern Railway, and the advantages which the gauge used by that company had over that used by the Norfolk and Western Railway. He also identified a cut or picture of the gauge in use on that road, on a paper introduced in evidence, which contained the manufacturer's statement of the advantages of that gauge, among which were, that it furnished "most effective protection against explosions," and "absolute safety against injuries to workmen."

One of the objections made to the evidence, is that the al-

leged failure of the defendant company to exercise ordinary care to provide and maintain a reasonably safe water-gauge on its engine could not be shown by proving that another railway company provided a different and safer gauge on its engines.

In selecting between different instrumentalities for his purposes, the master should keep reasonably abreast with improved methods, so as to lessen the danger to those in his service; but he is not bound, in the performance of his duty, to furnish the best-known instrumentalities, but such only as are reasonably safe. The test is not whether he has omitted to do something he could have done, nor whether a better appliance could have been obtained or a better method adopted, but whether the selection made was reasonably prudent and careful, and the instrumentality selected reasonably adequate and proper for the use to which it was to be applied. *Bertha Zinc Co.* v. *Martin,* 93 Va. 791, 22 S. E. 869; *Norfolk & Western Railway Co.* v. *Cromer,* 99 Va. 763, 787, 40 S. E. 54.

It has been repeatedly held by this court, that a witness having sufficient knowledge on the subject, may testify as to the general practice of masters, and the comparative safety of different methods or appliances; but it is not competent to show that the different methods or appliances of another master are better than those of the defendant. It is supposed that in such matters even the skillful and experienced will frequently differ in their choice of instrumentalities. A party should not be judged to be negligent for not conforming to some other method, or for not using some other appliance believed by some to be less perilous. *Richmond Locomotive Works* v. *Ford,* 94 Va. 627, 640, 27 S. E. 509; *Southern Ry. Co.* v. *Mauzy,* 98 Va. 692, 694-5, 37 S. E. 285; *Dunn* v. *Parlett,* 102 Va. 459, 463, 46 S. E. 467.

The blue-print showing the kind of water-gauge in use on the Seaboard Air Line Railway, and the paper containing the cut or picture of the water-gauge used by the Southern Rail-

way, were amenable to the further objection that the endorsement on the blue-print as to the use of the gauge by other companies, and the statement in the other paper that the gauge described was most effective against explosions and was absolutely safe against injuries to workmen, were mere hearsay statements, and inadmissible.

The action of the court in refusing to give the instructions asked for by the defendant, and in giving its own instructions is assigned as error.

The objection made to instruction No. 1 given by the court is that there was no evidence upon which to base it.

The defendant claimed that the plaintiff was not entitled to recover because he had no right to be where he was when injured. The evidence tended to show that the defendant had placed a young man on the engine to learn how to fire, and that while he was engaged in that work the plaintiff, who was the regular fireman, was on the engineer's side of the cab, running the engine, in the presence of the engineer; that under the rules of the defendant the engineer was required to instruct the fireman in all his duties, and not to permit him to run the engine except when the engineer himself was present, or upon the order of the superintendent or master mechanic; and the fireman was required to obey the orders of the engineer.

That evidence was sufficient to justify the court in giving the instruction in question.

It is not contended, as we understand the defendant's objections to the other instructions given by the court, that they do not state the law correctly, or that they do not cover all the questions involved in the case; but the contention is that they—especially the third, fourth and fifth instructions—stated it in such a general way, and with so little application to the facts of the case, that their effect was to mislead rather than to aid the jury.

There is some foundation for this contention. But as the judgment will have to be reversed because of the admission of

illegal evidence, as hereinbefore pointed out, it will be unnecessary to consider the objections to the action of the court in giving and refusing instructions, as the evidence will not be the same on the next trial, further than to say that instructions should state, not abstract propositions of law, but the law as applicable to the particular facts which the evidence in the case tends to prove.

The plaintiff insists that there is sufficient evidence in the case, after rejecting that which was objected to, and which we have seen should have been excluded, not only to sustain the verdict of the jury, but to have compelled a verdict in his favor.

In this he is mistaken. The evidence introduced by the defendant to show that it had exercised ordinary care to provide and maintain a reasonably safe glass water-gauge on its engine was sufficient to have sustained a verdict in its favor if the jury had so found.

We are of opinion, therefore, to reverse the judgment complained of, set aside the verdict, and remand the case for a new trial, to be had not in conflict with the views expressed in this opinion.

*Reversed.*