𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

HAWKINS & BUFORD AND OTHERS V. EDWARDS AND OTHERS.

March 11, 1915.

Absent, Kelly, J.*

1. INSTRUCTIONS—*Abstract Propositions of Law.*—Although an instruction may correctly state an abstract proposition of law, it may be inapplicable or misleading and when such is the case it is error to give it. Instructions should state the law applicable to the particular facts which the evidence tends to prove.

2. INSTRUCTIONS—*Statement of a Complete Case.*—An instruction which undertakes to state a case upon which the plaintiff can recover, but does not embrace all the elements necessary to support a verdict, is erroneous.

3. DECEIT—*Misrepresentations—Offer to Make Good—Damages.*—In an action of deceit to recover damages for falsely representing that a mortgage would fall due six months later than its actual maturity there can be no recovery where there was no fraudulent design in making the representation. and the party making it offered to carry the mortgage note for the additional six months without cost to the plaintiff. In such case no damage could arise to the plaintiff.

4. SEVERAL MISREPRESENTATIONS—*Some Not Proved—Instructions.*—If several distinct and independent misrepresentations are made the basis of an action of deceit, but the evidence shows that no damage could have arisen from one of them, the court should, by its instructions, limit the recovery to the others.

4. DECEIT—*Misrepresentations—Personal Investigation.*—If a party to whom representations are made thereafter institutes inquiry for himself, has recourse to the proper means of obtaining information, and actually learns the facts, he cannot claim to have relied on the representations made to him and to have been misled by them, and cannot recover for their falsity.

6. APPEAL AND ERROR—*Objections Not Made Below.*—Where the trial court has received, without objection, evidence of mis-

---

* Argued before Judge Kelly's term began.

representations not alleged in the declaration, and the trial has been allowed to proceed upon the tacit admission that such evidence was proper, objection cannot be made in this court that an instruction given by the trial court should have restricted the consideration of the jury to misrepresentations alleged in the declaration.

Error to a judgment of the Circuit Court of Henrico county in an action of trespass on the case. Judgment for the plaintiffs. Defendants assign error.

*Reversed.*

The opinion states the case.

*Leake & Buford* and *C. V. Meredith,* for the plaintiffs in error.

*David Meade White* and *Samuel A. Anderson,* for the defendants in error.

HARRISON, J., delivered the opinion of the court.

This action at law, commonly called an action of deceit, grows out of the sale of a certain lot of land with four houses thereon situated on Goddin and Cabell streets, in the city of Richmond. The plaintiffs, T. N. Edwards and H. T. Simpson, allege that they were induced to buy this lot and its improvements by reason of certain false and fraudulent representations concerning the same made by the defendants, O. A. Hawkins and W. E. Buford, real estate agents, and their employee, J. P. Mulliken, from whom they bought the property; that but for such misrepresentations they would not have made the purchase, and would not have suffered the loss for which they now ask to be compensated in damages.

There was a verdict and judgment for $1,152 in the circuit court, in favor of the plaintiffs, which this writ of error brings under review.

The several assignments of error direct our attention to a consideration of the question, whether or not the case was fairly submitted to the jury, the defendants contending that they were greatly prejudiced by the action of the circuit court in this respect.

It appears that the material allegations of false and fraudulent representations and those really relied on by the plaintiffs were, (1) that the date of the maturity of the mortgage note which was upon the property, and which was to be assumed by the purchasers as part of the purchase price, was misrepresented; (2) that the physical condition of the improvements upon the property was misrepresented to them; and (3) that the rental value of the property was misrepresented to them.

Over the protest of the defendants, the court gave on behalf of the plaintiffs the following instruction: "The court instructs the jury that if a man represents as true that which he knows to be false, and makes the representation in such a way or under such circumstances as to induce a reasonable man to believe that it is true, and is meant to be acted on, and the person to whom the representation has been made, believing it to be true, acts upon the faith of it, and by so acting sustains damages, there is fraud to support an action of deceit at law. The jury are further instructed that if they believe from the evidence that the defendants with knowledge of its falsity made one or more misrepresentations of material fact, in such a way as would induce a reasonable man to believe them, to T. N. Edwards, and by him narrated to the other plaintiff (Simpson), and they believed the same true and acted upon the same, then the plaintiffs are entitled to such damages as you may believe from the evidence they have sustained thereby not to exceed the amount claimed in their declaration."

This instruction may correctly state an abstract proposition of law, but in view of the facts of this case it was

inapplicable and misleading. Instructions should state the law applicable to the particular facts which the evidence in the case tends to prove, and not mere abstract propositions of law. *N. & W. Ry. Co.* v. *Bell*, 104 Va. 836, 52 S. E. 700. It is error to give an instruction which, though not erroneous, is inapplicable and misleading. *Pettyjohn* v. *Nat. Ex. Bk.*, 101 Va. 111, 118, 43 S. E. 203.

The instruction under consideration undertakes to state a case upon which the plaintiff could recover, which statement does not embrace all the elements necessary to support a verdict. This form of instruction is contrary to the settled law in this State. *Pocahontas Collieries Co.* v. *Hairston*, 117 Va., 83 S. E. 1041.

With respect to the allegation that the defendants misrepresented the due date of the mortgage, it is admitted that the time of maturity was stated to be January 12, 1913, instead of July 12, 1913, but it clearly appears that this was an inadvertent and innocent mistake from which the plaintiffs could have suffered no damage if they had accepted the offer promptly made by the defendants as soon as their attention was called to the mistake, to carry the mortgage note, without cost to the plaintiffs, until July 12, 1913, the day they had represented it to be due. The testimony is clear that this offer was made and declined, although the defendants had made all necessary arrangements to take over the mortgage note and carry the same to the day mentioned. Under these circumstances the plaintiffs suffered no damage growing out of this alleged misrepresentation, and yet, under the instruction, which wholly omits any reference to these facts, the jury were authorized to base their finding upon this alleged misrepresentation, with respect to the due date of the note. If they had disbelieved every other allegation of misrepresentation, yet, knowing that the wrong due date had been given, and believing that the plaintiffs had acted on that misrepresen-

tation in buying the property, they were required by the instruction to give damages, even though it was apparent that no damage had been suffered by reason of such misrepresentation.

The theory of the instruction seems to be that, because a misrepresentation may have aided in inducing a party to contract, he who makes the misrepresentation is, at law, to be held responsible for loss of any kind suffered as a consequence of the purchase, although not the result of a misrepresentation. This is not the law. Where, as in this case, there was no fraudulent design in making the misrepresentation, and the party stood ready to correct it, so that no damage could arise therefrom, the purchasers cannot take advantage of such a representation to recover damages, for none accrued as a consequence of the assertion.

In the case of *Tramwell* v. *Ashworth,* 99 Va. 646, 39 S. E. 593, the vendor designated the point to which a lot of fifty-five feet in width would reach; a matter, under the circumstances of the case, of material consequence to the purchaser. The line fell in fact two feet short of that point. In the suit it was sought to rescind the sale upon the ground of fraudulent misrepresentation, and this court, recognizing the fact that the vendor, when the shortage was discovered by the purchaser, had subsequently allowed her two additional feet of land, held that such subsequent act prevented the purchaser from taking advantage of the representation, which was untrue at the time it was made, although the investment turned out to be an unfortunate one. She had not been injured by the representation.

By its instruction the court should have limited the damages, if any, to such as flowed from the falsity of a representation, especially in view of the fact that, in this case, several distinct and independent representations were in

issue, from one of which, at least, no damage could, under the circumstances, have arisen.

As to the alleged misrepresentations with respect to the physical condition of the property and as to its rental value, the evidence tends strongly to show that Edwards, one of the joint purchasers, who was acting for himself and his co-purchaser, prior to the sale, personally and carefully inspected the property and also investigated its rental value by personal interviews with the tenants. If this inspection of the premises and inquiry as to the rental value was made prior to the purchase, then those representations, though made, would have ceased to be the foundation for a verdict in favor of the plaintiffs, as soon as the examination and inquiry were proven to the satisfaction of the jury. *Tramwell* v. *Ashworth, supra; West End Co.* v. *Claiborne,* 97 Va. 734-751, 34 S. E. 900, 906.

In the case last cited the rule is thus stated: "If after a representation of fact, however positive, the party to whom it was made institutes an inquiry for himself, has recourse to the proper means of obtaining information, and actually learns the real facts, he cannot claim to have relied upon the misrepresentation and to have been misled by it; such claim would simply be untrue."

Yet the instruction, which purports to state a complete case, ignores the important facts adverted to and the rule controlling them, makes no reference to either, thereby depriving the defendants of the right to have their case considered and passed upon by the jury. The jury should have been told in this instruction that they could not base a verdict upon the alleged misrepresentation as to the maturing of the mortgage note, as the plaintiffs admitted that the defendants had offered to carry the debt until it was due; and that they could not base a verdict upon the allegation either as to the physical condition or rental value of the property, if they believed that the plaintiff, Edwards,

made the examination and inquiry which the evidence tends to show that he did.

The contention is further made that the instruction under consideration is erroneous because it fails to restrict the misrepresentations of material fact upon which the jury might render a verdict to one of the misrepresentations alleged in the declaration.

If this objection had been made in the lower court, it would have been proper to have restricted the evidence in the manner suggested; but the evidence in this case seems to have been admitted without objection, and the trial to have proceeded upon the tacit admission that the evidence, now objected to, was proper. Under such circumstances, the objection cannot be made here a ground of reversal.

In a very recent case this court says: "The general rule is that the failure to object or otherwise raise the question of the admissibility of evidence on the trial is a waiver of all objections thereto. * * * If a litigant sits by and permits evidence to go to the jury which the court, if it had been objected to, would have excluded, the jury have the right and it is their duty to consider it along with all the evidence and give it such weight as they think it is entitled to. They may or may not believe it, but so far as they do or do not their judgment is not controlled by rules of law." *Newberry* v. *Watts*, 116 Va. 730, 82 S. E. 703.

This question is, however, hardly likely to arise on another trial.

For the errors to the prejudice of the defendants which have already been pointed out, the judgment complained of must be reversed, the verdict of the jury set aside and the case remanded for a new trial not in conflict with the views herein expressed.

*Reversed.*